[No. 46360. En Banc. August 7, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. SOLOMON HANTON, *Petitioner.*

*Edwards & Barbieri,* by *Charles K. Wiggins* and *Malcolm L. Edwards,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Senior Deputy,* for respondent.

WILLIAMS, J.—Petitioner Solomon Hanton seeks review of a jury conviction of first degree manslaughter while armed with a deadly weapon. The Court of Appeals affirmed the conviction in an unpublished opinion. We reverse the Court of Appeals and remand the case for a new trial.

Petitioner and the victim were driving their respective automobiles in Bellevue, Washington, on February 25, 1977. While leaving an intersection, petitioner pulled in front of the victim's car in such a manner as to cut him off, causing him to apply his brakes to avoid an accident. This apparently made the victim quite angry, for he followed close behind petitioner's car until they stopped at the next stoplight. There the victim left his car, came up to petitioner's car, opened the door, and attempted to pull him out. Petitioner thereupon drew a pistol and shot him. He died several days later as a result of the wound.

Petitioner was charged with and convicted of first degree manslaughter. RCW 9A.32.060(1)(a). At trial he requested the following instruction on self–defense:

> When a defendant claims he killed another in defense of his person or property, the burden is upon that defendant only to produce some evidence, no matter how slight, tending to prove that the homicide was done in self–defense. It is not necessary for the defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. The defendant sustains this burden of proof, if from a consideration of the evidence

in the case you have a reasonable doubt as to whether or not the killing was done in self–defense.

It is the duty of the State to prove beyond a reasonable doubt the lack of self–defense.

The court gave the following instruction:

When a defendant claims he killed another in defense of his person or property, the burden is upon that defendant only to produce some evidence tending to prove that the homicide was done in self–defense. It is not necessary for the defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. The defendant sustains this burden of proof, if from a consideration of the evidence in the case you have a reasonable doubt as to whether or not the killing was done in self–defense.

Instruction No. 13.

On appeal, petitioner argued that the instruction as given unconstitutionally placed on him the burden of proving self–defense and that such an allocation of the burden had been disapproved by this court in *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). The Court of Appeals rejected the applicability of this reasoning to homicide offenses under the new criminal code, RCW 9A.32, relying on *State v. Bradley,* 20 Wn. App. 340, 581 P.2d 1053 (1978).

We agree with petitioner that the effect of the challenged instruction was to shift to petitioner the burden of proof on self–defense. The instruction as given was substantially the same as the one at issue in *Roberts.* We found that instruction defective because it impermissibly shifted the burden to the accused. *See also State v. Kroll,* 87 Wn.2d 829, 839–40, 558 P.2d 173 (1976). The same shift in the allocation of the burden occurred here. Therefore, the only question here is whether the burden may be allocated to an accused under the present statute.

█ We begin by noting that the due process clause of the fourteenth amendment to the United States Constitution requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime with

which an accused is charged. *Mullaney v. Wilbur,* 421 U.S. 684, 685, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *State v. Roberts,* 88 Wn.2d 337, 340, 562 P.2d 1259 (1977). This principle has been reaffirmed recently by the United States Supreme court in *Sandstrom v. Montana,* 442 U.S. 510, 520, 61 L. Ed. 2d 39, 48, 99 S. Ct. 2450 (1979). *See also Patterson v. New York,* 432 U.S. 197, 206–07, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977).

■ In order to determine which facts the prosecution must prove beyond a reasonable doubt, it is necessary to analyze each element of the crime charged. The Court of Appeals cited *State v. Bradley, supra,* in support of its holding that absence of self–defense is not an element of a *homicide offense* under the new criminal code and that the State may therefore impose on an accused the burden of proving it. But the court did not analyze the elements of the crime of manslaughter either in *Bradley* or in the present case. Since murder and manslaughter are clearly separate homicide offenses under the statutory scheme, we must analyze *each* element of first degree manslaughter in our consideration of petitioner's claim.

RCW 9A.32.060(1)(a) states, in pertinent part:

(1) A person is guilty of manslaughter in the first degree when:
(a) He recklessly causes the death of another person
. . .

Since recklessness is expressly made an element of the crime of first degree manslaughter, the prosecution must prove it beyond a reasonable doubt. *State v. Roberts, supra.* The statute provides:

(c) *Recklessness.* A person is reckless or acts recklessly when he knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation.

RCW 9A.08.010(1)(c).

Self–defense is explicitly made a lawful act by at least two provisions of the criminal code. First, homicide is justifiable when committed either:

(1) In the lawful defense of the slayer, or his or her husband, wife, parent, child, brother, or sister, or of any other person in his presence or company, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or to any such person, and there is imminent danger of such design being accomplished; or

(2) In the actual resistance of an attempt to commit a felony upon the slayer, in his presence, or upon or in a dwelling, or other place of abode, in which he is.

RCW 9A.16.050(1) and (2). Moreover, use of force is not unlawful when used "by a party about to be injured . . . in preventing or attempting to prevent an offense against his person". RCW 9A.16.020(3).

A person acting in self–defense cannot be acting recklessly as that term is defined in RCW 9A.08.010(1)(c). There can be no recklessness without disregard of risk of a wrongful act, and self–defense, as defined, is not "wrongful." Moreover, since self–defense is not wrongful, it cannot be "a gross deviation from conduct that a reasonable man would exercise in the same situation." RCW 9A.08-.010(1)(c).

In short, an action taken in self–defense is inconsistent with the statutory definition of recklessness. Since proof of self–defense negates the element of recklessness in first degree manslaughter, requiring an accused to prove self–defense places on him or her the burden of proving absence of recklessness. Such a result is proscribed by *Winship* and *Mullaney*. Accordingly, we hold that in a prosecution for first degree manslaughter the State must bear the burden of proving absence of self–defense beyond a reasonable doubt. This conclusion makes it unnecessary to consider petitioner's statutory construction argument that the legislature intended to place the burden on the State.

■ It does not necessarily follow, however, that the court must instruct the jury that the burden of proof on self–defense rests on the prosecution. When recklessness is an element of the crime charged, and the court properly instructs the jury on the elements of recklessness, the jury must determine, before it may convict, that the accused knew of and disregarded a substantial risk that a wrongful act would occur and that such disregard was a gross deviation from the conduct of a reasonable person in the same situation. Such a finding is totally inconsistent with self–defense. A person acting in self–defense cannot be acting recklessly. Thus, if the jury is able to find that a defendant acted recklessly, it has already precluded a finding of self–defense. We hold, therefore, that an instruction allocating the burden of proof to the State to disprove self–defense is not necessary when there is adequate instruction on the elements of recklessness. *See* WPIC, 11 Wash. Prac. 100, 102–03 (1977); *People v. Fink,* 194 Colo. 516, 574 P.2d 81 (1978); Colorado Jury Instructions (Criminal) § 9:7 (1974).

If a defendant presents sufficient evidence to raise an issue of self–defense, the court need only instruct on it without allocating the burden of proof. Such an instruction permits a defendant to fully argue his theory of the case. *State v. King,* 92 Wn.2d 541, 546, 599 P.2d 522 (1979). The jury may then consider the evidence of self–defense in determining whether a defendant was acting recklessly.

We reverse and remand for a new trial.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied December 15, 1980.