[No. 8494–1–I.   Division One.   May 26, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES EDWARD TOWNSON, *Appellant.*

*John Henry Browne,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Ruth A. Robinson, Deputy,* for respondent.

WILLIAMS, J.—James Edward Townson was found guilty, in a trial to the court with a jury, of two counts of second

degree burglary, three counts of forgery, second degree theft, second degree possession of stolen property, second degree rendering criminal assistance and communicating with a minor for immoral purposes. His appeal concerns the refusal of the court to sever the charges, the admission of evidence of other crimes not charged and certain rebuttal testimony. We affirm.

Townson was licensed by the Washington State Department of Social and Health Services to operate a foster home for teenage boys in the Seattle area. A number of boys lived there including at least three juvenile delinquents. With one exception, the crimes charged against Townson involved one or more of the boys living at his home and all the crimes occurred in the summer of 1979. The State tried its case on the theory that Townson used the boys in a continuing course of varied criminal activity.

The proof of the two burglaries was that Townson arranged for two of his foster children to break into a beauty salon where he was employed as manager and instructor, and 2 days later waited in a car while one of his foster children broke into another beauty salon which Townson supervised. Townson received the money obtained in both burglaries.

The proof of the three forgeries was that Townson altered birth certificates and high school diplomas to get some of the boys admitted to the cosmetology school at the beauty salon where he was an instructor.

The proof of the second degree theft was that Townson appropriated cash from the two beauty salons he managed and supervised and destroyed sales receipts to prevent the discrepancy from being detected.

The proof of possession of stolen property was that Townson kept several statues at his home that he knew had been stolen by one of the boys.

The proof of rendering criminal assistance was that Townson helped a juvenile escape from a detention facility and concealed him from authorities at his home.

The proof of communicating with a minor for immoral

purposes was that Townson threatened to surrender to juvenile authorities one of his foster children who had several warrants outstanding for his arrest, unless the youngster agreed to have sex with him.

Townson first assigns error to the bringing of a 10–count[1] information against him contending that many of them were not factually or legally related. The trial court has considerable discretion to determine whether a severance should be granted. *State v. Thompson,* 88 Wn.2d 518, 524–25, 564 P.2d 315 (1977). As seen, the crimes were part of a series of events occurring in the summer of 1979 involving teenage boys living at Townson's home or the beauty salons where he worked. They were sufficiently "connected together", CrR 4.3(a)(2), to warrant joinder; the trial court did not abuse its discretion in denying Townson's severance motion. *See State v. Smith,* 74 Wn.2d 744, 754, 446 P.2d 571 (1968).

Townson next assigns error to the trial court's admission of evidence of several prior "bad acts" or crimes not charged. That evidence was introduced to show the existence of a scheme or plan developed by Townson to use teenage boys to assist him in the commission of crimes, and for other immoral purposes and was admissible under *State v. Goebel,* 40 Wn.2d 18, 23–24, 240 P.2d 251 (1952). Because the probative value of that evidence to show a common scheme or plan was found by the trial court to exceed its prejudicial effect on the jury, its admission was not error. *State v. Jordan,* 79 Wn.2d 480, 483, 487 P.2d 617 (1971).

Finally, Townson assigns error to the admission of testimony by the State's rebuttal witnesses, arguing that it was cumulative of the State's case in chief and did not address new matters brought out by his defense. The court did not abuse its discretion in permitting the testimony. *See State v. White,* 74 Wn.2d 386, 394–95, 444 P.2d 661 (1968). The "overlapping" testimony of the rebuttal wit-

---

[1] One count was dismissed before the case went to the jury.

nesses with the State's case in chief was so slight that it cannot be considered error significant enough to require reversal. *State v. Bius,* 23 Wn. App. 807, 811, 599 P.2d 16 (1979).

The judgment is affirmed.

DURHAM and CORBETT, JJ., concur.

Reconsideration denied June 24, 1981.