[No. 10508–6–I.   Division One.   May 16, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. TERRY
EUGENE MERCER, *Appellant*.

*Terry Eugene Mercer,* pro se, and *David R. Wohl* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca Roe, Deputy,* for respondent.

ANDERSEN, C.J.—

## FACTS OF CASE

The defendant, Terry Eugene Mercer, appeals from the judgment and sentence entered following a jury verdict finding him guilty of second degree murder, RCW 9A.32-.050(1)(b) (felony murder).

On January 20, 1981, 5–month–old Kristal Lynn Mercer died after being in the care of the defendant, her father. Thereafter, the defendant was charged with second degree felony murder.

At trial, the State presented substantial evidence that the father had beaten the infant to death. The sufficiency of the evidence to sustain the conviction is not controverted on appeal.

It was the defendant's claim, among others, that the death was accidental and in his testimony he described the events he claimed led to the death, including his efforts to resuscitate the infant and to seek medical aid. The State, on the other hand, introduced testimony to the contrary.

The jury was instructed not only on the charge of murder in the second degree but also as to the included offenses of manslaughter in the first degree and manslaughter in the second degree.

The jury returned a verdict of guilty of murder in the second degree and this appeal followed entry of the judgment and sentence.

Two principal issues are before us on appeal.

## ISSUES

ISSUE ONE. Did the trial court err by not instructing the jury that the State had the burden of proving the absence of excuse as an element of second degree felony murder?

Issue Two. Did the trial court abuse its discretion by admitting, over defense objection, testimony about prior instances in which the deceased infant had suffered injuries while in the defendant's care?

## Decision

Issue One.

CONCLUSION. The trial court's instructions clearly instructed the jury as to all the elements of second degree felony murder which the State had to prove beyond a reasonable doubt in order to convict the defendant on that charge. The jury was not instructed that the defendant had the burden of proving excuse, that is, that he had the burden of proving the death occurred as a result of accident or misfortune. The instructions given allowed the defendant a full range of argument on his theory that the death was due to accident or misfortune (and therefore excusable pursuant to RCW 9A.16.030). In this pre–*State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983) trial, no additional instruction on burden of proof was required.

The trial court instructed the jury as to the elements of murder in the second degree (felony murder) including that the State must prove beyond a reasonable doubt that "the defendant committed assault in the second degree" on the infant on the day in question and that "the defendant proximately caused the death of [the infant] in the course of and in furtherance of such crime of assault in the second degree". (Instruction 4.) Assault in the second degree was defined as "knowingly inflict[ing] grievous bodily harm upon another" (instruction 5) and the jury was given definitions of "[g]rievous bodily harm" (instruction 5A), "knowledge" (instruction 10) and "intent" (instruction 15A). The jury was also instructed on excusable homicide including that "[h]omicide is excusable when committed by accident or misfortune in doing any lawful act by lawful means, with ordinary caution and without any unlawful intent." (Instruction 15.) The defendant thus had the ability to fully argue his theory of the case. The instructions

made no allocation of the burden of proving excuse or lack thereof.

As to these instructions, the defendant assigns error only to the trial court not specifically requiring, as he had requested, that the State prove as an additional element of the crime of murder in the second degree that the infant's death was "not excusable".

A homicide committed in self–defense, as that term is defined by law, is considered justifiable and, therefore, is not a criminal act. RCW 9A.16.050. Similarly, homicide by accident or misfortune is considered excusable and is likewise not a criminal act. RCW 9A.16.030.

In several quite recent decisions where justifiable homicide was an issue, and most of which were unanimous decisions, the State Supreme Court has held that it was not necessary for the trial court to give an instruction allocating to the State the burden of disproving self–defense so long as the instructions given were sufficient to permit the defendant to argue his or her self–defense theory to the jury. *State v. King,* 92 Wn.2d 541, 546, 599 P.2d 522 (1979); *State v. Hanton,* 94 Wn.2d 129, 134, 614 P.2d 1280 (1980); *State v. Savage,* 94 Wn.2d 569, 582, 618 P.2d 82 (1980). These rulings were based on the well established principle that jury instructions are sufficient if they permit a defendant to satisfactorily argue his or her case to the jury.

These same principles were again applied, but in a case involving excusable homicide (as does the case before us), in another quite recent unanimous State Supreme Court decision, *State v. Burt,* 94 Wn.2d 108, 614 P.2d 654 (1980). As the court there held,

> Jury instructions are sufficient if they permit the defense counsel's theory of the case to be satisfactorily argued to the jury. *State v. King,* 92 Wn.2d 541, 546, 599 P.2d 522 (1979). Defense counsel claimed that the homicide was excusable as an accident and that the prosecution bore the burden of proving beyond a reasonable doubt that the homicide was not excusable.
>
> The instructions given permitted this theory to be satisfactorily argued. Instruction No. 12A described the

characteristics of excusable homicide and allowed defense counsel to argue that this case fit those characteristics. Other instructions placed the burden of proving each element of the crime beyond a reasonable doubt on the prosecution.

*Burt,* at 111. So it is here.

Then more recently, and well after the trial of the case at bench, *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983) was decided. *McCullum* was a justifiable homicide case wherein the jury was instructed that *"the burden is upon [the] defendant to prove that the homicide was done in self–defense."* *McCullum,* at 496. Only eight justices took part in that case. Four justices concurred in the plurality decision, one concurred in the result and three justices dissented. The conviction was reversed, the court holding that "[s]ince the self–defense instruction in this case unconstitutionally placed the burden of proving self–defense on the petitioner, we reverse his conviction and remand the case for a new trial." *McCullum,* at 501. Although the issue had not been raised when that case was before the Superior Court and this court,[1] the Supreme Court ruled that "[p]etitioner's argument that the jury instructions given in this case relieved the State of its burden of disproving self–defense in a murder prosecution raises a constitutional claim which we must address."[2] *McCullum,* at 488.

---

[1]*See State v. McCullum,* 28 Wn. App. 145, 622 P.2d 873 (1981).

[2]The text of *State v. McCullum,* 98 Wn.2d 484, 488, 656 P.2d 1064 (1983), filed on January 6, 1983, as printed in the official advance sheets, reads as follows:
Petitioner's argument that the State must bear the burden of disproving self–defense in a murder prosecution raises a constitutional claim which we must address.
Subsequently, however, by an order changing opinion entered March 10, 1983, signed by Williams, C.J., and Justices Rosellini, Stafford, Brachtenbach, Utter and Dolliver, that sentence was changed to read:
Petitioner's argument that the jury instructions given in this case relieved the State of its burden of disproving self–defense in a murder prosecution raises a constitutional claim which we must address.
It is this latter language which is quoted herein.

The plurality decision in *McCullum* also stated with reference to the other opinions above discussed, that "our opinions in *Savage, Hanton, Burt,* and *King* are hereby modified to reflect the view expressed in *State v. Roberts,* [88 Wn.2d 337, 346, 562 P.2d 1259 (1977)], that when self-defense is properly raised the jury should be 'informed that the State has the burden to prove absence of self-defense beyond a reasonable doubt.'" *McCullum,* at 500.

In the case before us, the defendant now argues, based on *McCullum,* that because the jury was not instructed that the State had the burden of proving absence of excuse, the conviction should be reversed. We disagree.

As we read the Supreme Court's decision in *McCullum,* it does not go that far. *McCullum* holds that it is reversible error of constitutional proportion for a jury to be instructed, directly or indirectly, that a defendant has the burden of proving self-defense. The plurality decision also admonishes that in *future* instructions[3] (which we read to mean post-*McCullum* trials), where self-defense is an issue, the jury should be instructed that the State has the burden of proving absence of self-defense beyond a reasonable doubt.[4]

Applying *McCullum's* justifiable homicide principles to the excusable homicide case before us (*i.e.,* where the claim is that death was due to accident or misfortune), as the holding in *Burt* infers we should, we conclude that: (1) since the jury in this case was not instructed either directly or indirectly that the defendant had the burden of proving

---

[3]The plurality decision in *McCullum* specifically refers to "*Future* Jury Instructions on the Burden of Proof" (italics ours) (page 498) and to "guidelines for *future* jury instructions" (italics ours) (page 501).

[4]It should be further observed that *McCullum* leaves open the question of whether in future cases, where self-defense is an issue, it could be considered harmless error beyond a reasonable doubt for jury instructions to not specifically allocate to the State the burden of disproving self-defense where the instructions given permit the defendant to argue self-defense (as in *King, Hanton* and *Savage*). Since we need not address that question in order to resolve the issues in this appeal, we do not do so.

excuse, error was not committed; and (2) since the trial in the present case was pre–*McCullum*, we need not consider whether the jury should have been instructed that the State had the burden of proving absence of excuse beyond a reasonable doubt. The trial court, therefore, did not err in instructing the jury as it did.

Issue Two.

Conclusion. The objected to testimony about earlier injuries sustained by the infant was admissible under the Washington Rules of Evidence (ER) as probative of lack of accident and the trial court did not abuse its discretion by admitting it.

ER 404(b) provides:

> **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*See also State v. Goebel*, 36 Wn.2d 367, 369, 218 P.2d 300 (1950).

■ Thus, where, as here, the defendant claims

> that a child has died as a result of an accident in the absence of any intent on his part to harm the child, evidence of prior and subsequent incidents involving the defendant's treatment of children, including the deceased, may be relevant and necessary to prove an essential ingredient of the state's case.

*State v. Terry*, 10 Wn. App. 874, 883, 520 P.2d 1397 (1974). *See State v. Gakin*, 24 Wn. App. 681, 685, 603 P.2d 380 (1979).

Nor do we agree, as the defendant urges, that the State must first prove it was the defendant who caused the prior injuries before evidence concerning them can be admitted into evidence. As Dean Wigmore teaches:

> It is possible to negative accident or inadvertence, and to infer deliberate human intent, without forming any conclusion as to the personality of the doer. Thus if, one

morning after a high wind, A's cellar window is found broken, the pieces lying inside, he may well assume the probability that the force of the wind blew the glass in; but if, on the next morning and the next, he again finds a window broken in the same way, though no high wind prevailed the night before, he gives up the hypothesis of the force of the wind as the explanation, and concludes that a .deliberate human effort was the highly probable cause of the breakage, although he can form no notion whatever of the personality of the doer.

Thus it is thus clear that innocent intent—accident, inadvertence, or the like—may be negatived by *anonymous instances* of the previous occurrence of the same or a similar thing. After the defendant's connection with the deed charged is assumed or proved, his innocent intent may be negatived by such instances, which may have force for that purpose, though they are not connected with the defendant.

2 J. Wigmore, *Evidence* § 303, at 247–48 (rev. 1979). *See also United States v. Woods,* 484 F.2d 127, 134–35 (4th Cir. 1973); *States v. Riss & Co.,* 139 W. Va. 1, 80 S.E.2d 9, 16 (1953).

In the present case, the defendant does not dispute that the infant sustained injuries on several previous occasions while in his care. Instead, it was and is his argument that the injuries were accidental. That argument, however, goes to the weight of the testimony rather than to its admissibility. *See State v. Bouchard,* 31 Wn. App. 381, 386, 639 P.2d 761 (1982). The trial court did not act unreasonably in concluding, as it did, that the probative value of the challenged testimony exceeded any possible prejudicial effect. *See* ER 403; *State v. Townson,* 29 Wn. App. 430, 432, 628 P.2d 857 (1981); *State v. Bell,* 10 Wn. App. 957, 960–61, 521 P.2d 70 (1974).

The defendant's remaining contentions do not merit extensive discussion.

The defendant concedes that the decisional law of this state is well settled to the effect that an assault resulting in homicide is not deemed merged with the homicide so as to lose its separate identity, therefore, death resulting from

felonious assault can, as our courts have held, constitute felony murder. *State v. Wanrow,* 91 Wn.2d 301, 306–12, 588 P.2d 1320 (1978), and authorities there cited. We decline to reconsider this established law.

As to the numerous matters raised by the defendant in his Supplemental Pro Se Brief of Appellant, they are either encompassed in our foregoing rulings, fail because they are not supported by citation of authority and do not otherwise appear to be well taken on their face, *State v. Young,* 89 Wn.2d 613, 625, 574 P.2d 1171, *cert. denied,* 439 U.S. 870 (1978), request us to retry factual issues which we cannot do, *State v. Snider,* 70 Wn.2d 326, 327, 422 P.2d 816 (1967) or are otherwise patently without merit.

Affirmed.

WILLIAMS and CORBETT, JJ., concur.

Reconsideration denied May 17, 1983.

Review denied by Supreme Court August 12, 1983.