[No. 6574–0–III.   Division Three.   May 7, 1985.]

*In the Matter of the Personal Restraint of*
DAVID JAMES SKJONSBY, *Petitioner.*

*Jack Ackerman* and *Francis & Ackerman,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Clark Colwell, Deputy,* for respondent.

MUNSON, J.—David James Skjonsby seeks relief from personal restraint imposed as a result of his November 1981 conviction for second degree assault. Relying on *State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984), Mr. Skjonsby contends the jury instructions in his case did not properly allocate the burden of proof on self–defense. We are constrained to agree and grant the petition.

During the afternoon and early evening of July 25, 1981, Mr. Skjonsby and his wife, Jinni, were drinking at home. Around 9 p.m. they went to a bar in downtown Spokane. They listened to music, danced, and drank beer. Just before closing time at the tavern, the couple left to go home. Mrs. Skjonsby testified she was afraid Mr. Skjonsby had been drinking too much so she walked 3 miles back to their home. Mr. Skjonsby drove the car and arrived before his wife.

Mrs. Skjonsby testified she found the back screen door locked upon her arrival, so she knocked on the door. She further testified that when Mr. Skjonsby opened the screen door, he immediately started to hit her, knocking her down to the ground, pinning her to the ground and continuing to beat her. Her injuries, substantiated at trial by photographs, included cuts to her face and ears requiring stitches, bruises, blackened eyes and a split lip. She testified she hit Mr. Skjonsby once, knocking his glasses to the ground, but only after he had hit her. She acknowledged at least one prior physical confrontation with Mr. Skjonsby where she slapped him and threw a bottle at him causing a severed tendon.

Mr. Skjonsby testified there were several occasions before July 25 when his wife had been verbally and physically abusive toward him, including the bottle throwing incident and another incident where she chased him with a butcher knife. He also testified that during their marriage, his wife would "disappear" from the family home for various periods of time.

As to the July 25 incident, Mr. Skjonsby testified that

when the couple left the tavern at closing time, his wife crossed a street and got in a van with two men. He said he drove home alone, checked on the children, and locked the doors. He testified his wife arrived at the residence at approximately 3 a.m. and began screaming obscenities when she found the door was latched. He said he unlatched the door, guided her gently by the wrists into the backyard and was trying to talk calmly with her when she attacked him, tearing his watch from his wrist and breaking his glasses with a fist to the side of his head. Mr. Skjonsby said that while he was kneeling on the ground groping for his broken glasses, Mrs. Skjonsby punched, pummeled, and kicked him in the back and head areas. Only then, he said, did he strike her "maybe up to five times" until she stopped hitting him.

At the close of the evidence, the defense proposed an instruction[1] dealing with self–defense and burden of proof. The trial court refused to give the proposed defense instruction. The trial court gave general pattern instructions on presumption of innocence and reasonable doubt, *i.e.*, WPIC 4.01, together with an elements instruction on second degree assault.[2] The court gave two instructions

---

[1]Mr. Skjonsby's proposed instruction D–7 stated:

"The defendant in this case is claiming he acted in self–defense.

"The defendant, when asserting the defense of self–defense, has the obligation to produce some evidence tending to establish self–defense, but the prosecution retains the burden of proving the absence of self–defense."

[2]Instruction 8 stated:

"To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"1. That on or about the 26th day of July, 1981, the defendant knowingly inflicted grievous bodily harm upon Jinni G. Skjonsby without a weapon; and

"2. That the acts occurred in Spokane County, Washington.

"If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, it will be your duty to return a verdict of guilty.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty."

dealing with excessive force[3] and self–defense.[4] The self–defense instructions immediately followed the elements instruction.

The instructions given did not indicate who had the burden of proof on self–defense and neither counsel argued that issue to the jury.

Mr. Skjonsby appealed, raising only one issue—a lesser included offense instruction. The appeal was dismissed by a commissioner's ruling in June 1983. State v. Skjonsby, cause 5109–9–III.

██ It is necessary, of course, to make a threshold determination whether there were (1) constitutional errors and (2) actual prejudice arising therefrom. The burden of proving actual prejudice rests with the petitioner. Possible prejudice will not be sufficient. *In re Hews,* 99 Wn.2d 80, 93, 660 P.2d 263 (1983).

Several Washington cases in recent years have discussed the relationship between self–defense and burden of proof instructions. *State v. Acosta, supra* (second degree assault conviction reversed; instructions did not properly inform jury of State's burden of proving absence of self–defense); *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983)

---

[3]Instruction 9 stated:

"It is a defense to the charge of assault that the force used was lawful as defined in this instruction.

"The use of force upon or toward the person of another is lawful when used by a person who, acting as a reasonably prudent and cautious person would under the conditions appearing to them at the time, believes himself about to be injured in preventing or attempting to prevent an offense against the person, and when the force used is not more than necessary.

"Necessary means that no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was no more than that which a reasonably prudent man would use under the conditions appearing to him at the time."

[4]Instruction 10 stated:

"You are instructed that no person can by his or her own acts create a necessity for acting in self–defense, and thereupon assault and injure the person with whom he or she seeks the difficulty, and then interpose as a defense the plea of self–defense. Self–defense is a plea of necessity as a shield only to those who are without fault in occasioning an affray and acting under it."

(first degree murder conviction reversed; statutes and due process require State to prove absence of self–defense beyond a reasonable doubt); *State v. Savage,* 94 Wn.2d 569, 618 P.2d 82 (1980) (second degree murder conviction reversed on other grounds; instructions which defined second degree murder as an unjustifiable killing permitted defendant to argue State had burden of proving absence of self–defense, therefore, no other instructions required); *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280 (first degree manslaughter conviction reversed; instructions improperly placed burden of proving self–defense on defendant), *cert. denied,* 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980); *State v. Burt,* 94 Wn.2d 108, 614 P.2d 654 (1980) (second degree murder conviction affirmed; instructions adequate to allow both sides to argue their respective theories of the case); *State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979) (second degree murder conviction affirmed; instructions given adequate for defense to argue State had not sustained the burden of proving the absence of self–defense); *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977) (second degree murder conviction reversed; the burden of proving the absence of self–defense remains upon the State and the defendant has no burden of proving self–defense); *State v. Robinson,* 38 Wn. App. 871, 691 P.2d 213 (1984) (first degree murder and second degree assault convictions affirmed; error in instructions on self–defense was harmless error in light of overwhelming evidence of guilt), *review denied,* 103 Wn.2d 1015 (1985); *State v. Martineau,* 38 Wn. App. 891, 691 P.2d 225 (1984) (second degree murder conviction affirmed; instructions adequately set forth burden of proof), *review denied,* 103 Wn.2d 1020 (1985); *State v. Heath,* 35 Wn. App. 269, 666 P.2d 922 (first degree murder conviction affirmed; instructions allowed each side to adequately argue burden of proof of self–defense), *review denied,* 100 Wn.2d 1031 (1983); *State v. Mercer,* 34 Wn. App. 654, 663 P.2d 857 (1983) (second degree murder conviction affirmed; instructions did not place the burden on defendant to prove self–defense, and there was no error

by not instructing jury that the State had the burden in this pre–*McCullum* trial); *State v. LeBlanc,* 34 Wn. App. 306, 660 P.2d 1142 (simple assault conviction reversed; when evidence of self–defense produced, State must then prove absence of self–defense beyond a reasonable doubt and failure to instruct on State's burden constitutes prejudicial constitutional error), *review denied,* 100 Wn.2d 1021 (1983).

These cases are premised on United States Supreme Court cases holding that instructional errors which tend to shift the burden of proof to a criminal defendant may affect his right to due process of law. *E.g., Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979); *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Under the federal and state cases cited above, the instructions in this case were in error and the error is of constitutional magnitude.

We must next determine whether the error was harmless. Since the error infringed upon a constitutional right, it is presumed prejudicial. *State v. Stephens,* 93 Wn.2d 186, 190–91, 607 P.2d 304 (1980). Constitutional errors cannot be deemed harmless unless they are harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1967). *State v. Robinson, supra.*

In *State v. Robinson, supra* at page 876, our court held error in the instructions regarding self–defense was harmless:

> Our State Supreme Court and the United States Supreme Court have set out two alternative approaches in making this determination:
> (1) constitutional error is harmless only if it can be said beyond a reasonable doubt that it did not contribute to the verdict (hereinafter "contribution test"); and (2) constitutional error is harmless whenever it can

be said beyond a reasonable doubt that the evidence not tainted by the error is so overwhelming that it *necessarily* leads to a finding of guilt (hereinafter "overwhelming evidence test").

Under either the "contribution test" or the "overwhelming evidence test", we cannot come to the same conclusion in this case. Here, the only issue was self–defense. The only two witnesses were Mr. and Mrs. Skjonsby, who clearly disputed who started the fight between them. All of the evidence that went to the jury is tainted by the failure to instruct on the burden of proof on self–defense. The court's instructions, given in the order and manner as set out in the footnotes above, prejudiced the petitioner and may have contributed to the guilty verdict. The jury could have understood Mr. Skjonsby had to persuade it that he acted in self–defense. We cannot hold this confusion did not contribute somehow to the jury's verdict beyond a reasonable doubt. Nor can we hold beyond a reasonable doubt that without the erroneous instruction, the jury would have returned the verdict it did. This case must, therefore, be retried with proper instructions.

Having decided there is error of constitutional magnitude which prejudiced the defendant, we turn briefly to the question of retroactivity raised by the State.

The State now contends Mr. Skjonsby should not be allowed to raise the self–defense instruction issue by personal restraint petition on the ground *State v. Acosta, supra,* is not retroactive. A similar argument was raised and rejected in *In re Lile,* 100 Wn.2d 224, 668 P.2d 581 (1983). While a personal restraint petition is not a substitute for an appeal, *In re Hagler,* 97 Wn.2d 818, 650 P.2d 1103 (1982), such petitions can no longer be automatically rejected if there is a constitutional question at issue. *In re Hews, supra.*

*State v. Acosta, supra,* addressed the retroactivity of *State v. McCullum, supra,* an earlier case dealing with self–defense and the burden of proof in jury instructions. The court said:

From the above discussion it should be clear that *McCullum* was not intended to be a decision in which retroactivity was at issue. The question in each case is whether the trial court committed error in its instructions to the jury. In resolving this question, the test is whether the jury was informed, or could understand from the instructions as a whole, that the State bears the burden of proof on self–defense. In this respect *McCullum* is not a drastic departure from *King* or *Hanton*.

*State v. Acosta, supra* at 622.

Nothing in *Acosta* changes the rules on legally insufficient instructions. Rather, for the first time since the change in the criminal code in 1976, the Supreme Court has extended those same rules to second degree assault. The theory and rules behind the application are unchanged. *See In re Sauve,* 103 Wn.2d 322, 327, 692 P.2d 818 (1985).

The petition is granted, Mr. Skjonsby's conviction is vacated, and the matter is remanded to the Superior Court for a new trial with proper jury instructions.

GREEN, C.J., and THOMPSON, J., concur.