[No. 45696.   En Banc.   July 31, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM DEAN BURT, *Appellant.*

*John R. Muenster* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sheryl Johnson Willert,* for respondent.

BRACHTENBACH, J.—Defendant appeals his conviction for second degree murder. He claims that he was entitled to a proposed jury instruction explicitly placing on the prosecution the burden of proof of lack of excuse for the homicide of which he was convicted. We find the jury instructions as given to be sufficient and affirm.

Defendant's mother was found lying dead on the floor of her home. The defendant, who lived in the same house, described to the police an argument between himself and his mother during which she was shot with a handgun which he had kept in his room. Defendant claimed that the gun accidentally went off during a struggle in the midst of the argument. From the evidence, the jury could have concluded that the killing was intentional, reckless, negligent, or accidental.

One jury instruction stated that the prosecution has the burden of proving each element of the crime beyond a reasonable doubt. Another instruction stated that to convict him of second degree murder the jury must find beyond a reasonable doubt that Burt intended to cause the death of his mother. Other instructions fully addressed the lesser

included manslaughter offenses and their associated mental elements of recklessness and criminal negligence.

Instruction No. 12A stated that if a homicide is excusable then it will not constitute either murder or manslaughter. It went on to state that a homicide is excusable when (1) committed by accident or misfortune, (2) in doing any lawful act by lawful means, (3) without criminal negligence, and (4) without unlawful intent. This instruction was based on RCW 9A.16.030 and 9A.32.010.

The trial court refused to give defendant's proposed instruction which read: "It is the State's burden to prove that the homicide was not excusable beyond a reasonable doubt." Burt claims that this refusal violated his right to due process, which requires the prosecution to prove every element of the crime beyond a reasonable doubt, under *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970).

RCW 9A.32.010 states that a homicide must fall into one of four categories: murder, manslaughter, excusable homicide, or justifiable homicide. Of these four types of homicide, only two types, murder and manslaughter, are crimes.

■■ Excusable homicide is defined by the lack of culpable mental elements of intent or criminal negligence. RCW 9A.16.030. If the mental element required for either murder or manslaughter is proved, then lack of excuse is also proved. Conversely, if the prosecution does not prove beyond a reasonable doubt that the defendant acted with a mental element of at least criminal negligence, then the jury must find the homicide to be excusable, without any further consideration of the statutory definition of excusable homicide.

Because RCW 9A.32.010 requires an unjustifiable homicide which is not criminal to be excusable, the statutory definition of excusable homicide is merely a descriptive guide to the general characteristics of a homicide which is neither murder nor manslaughter. The characteristics of excuse do not have to be independently proved or found. Insufficiency of proof beyond a reasonable doubt of the

mens rea of murder or manslaughter requires a finding of excusable homicide. Therefore, if a defendant wishes to argue excuse to the jury, he only needs to persuade the jury that the prosecution has not carried its burden because there is reason to doubt that the act was committed with a mental element of at least criminal negligence.

Jury instructions are sufficient if they permit the defense counsel's theory of the case to be satisfactorily argued to the jury. *State v. King,* 92 Wn.2d 541, 546, 599 P.2d 522 (1979). Defense counsel claimed that the homicide was excusable as an accident and that the prosecution bore the burden of proving beyond a reasonable doubt that the homicide was not excusable.

The instructions given permitted this theory to be satisfactorily argued. Instruction No. 12A described the characteristics of excusable homicide and allowed defense counsel to argue that this case fit those characteristics. Other instructions placed the burden of proving each element of the crime beyond a reasonable doubt on the prosecution. Another instruction placed on the prosecution the burden of proving beyond a reasonable doubt that Burt acted with intent to cause the death of his mother. The jury found that Burt acted with such intent and therefore also found that the homicide was not excusable, beyond reasonable doubt.

The judgment is affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.