[No. 9611–7–I.  Division One.  May 17, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. LYNN ALEXANDER TAKACS, *Appellant.*

*Jess Webster* and *Janet Ainsworth* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Ryan, Deputy,* for respondent.

CORBETT, J.—Defendant Lynn Alexander Takacs was charged and convicted of the crime of assault in the second degree, RCW 9A.36.020(1)(b). The sole assignment of error concerns the trial court's giving of the following instruction:

> To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 1st day of March, 1980,
> (2) The defendant knowingly inflicted grievous bodily harm upon [the victim] without a weapon; and
> (3) That the acts occurred in King County, Washington.
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Instruction No. 4. The proposed defense instruction, which was refused, would have added "[t]hat the assault was not committed in self–defense" as another element of the crime to be proved by the State beyond a reasonable doubt. Neither RCW 9A.36.020, the charging statute, nor RCW 9.11-.020, its predecessor, makes the absence of justification an express element of the crime of assault in the second degree.

Defendant excepted below on federal and state due process grounds. On appeal, he contends that because a person acting in self–defense commits no crime, he acts with the

intent to accomplish a lawful act, not with criminal intent or knowledge. Relying upon *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035 (1980), the defendant argues that the defense of self–defense negates the mental state element of "knowingly," and therefore due process requires the State to bear the burden of proving the absence of self–defense beyond a reasonable doubt.

Because the law in this area is somewhat unclear, a review of the relevant cases decided prior to *Hanton* is helpful.

■ The due process clause of the fourteenth amendment to the United States Constitution requires the State to prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged." *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). At first, the United States Supreme Court indicated that *Winship* should not be limited to those facts that constitute a crime as defined by state law, noting that a state could undermine the interests that *Winship* sought to protect by simply redefining its crimes. *Mullaney v. Wilbur,* 421 U.S. 684, 698, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). More recently, however, the Supreme Court has indicated that it will not disturb previous cases holding that due process requires the State to prove beyond a reasonable doubt "all of the elements included in the definition of the offense of which the defendant is charged", and simply acknowledged that "there are obviously constitutional limits beyond which the States may not go" in defining crimes and reallocating burdens of proof. *Patterson v. New York,* 432 U.S. 197, 210, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977).

The Court of Appeals has followed *Patterson v. New York, supra,* and held that the State has no burden of proving the absence of self–defense under our new criminal code if the statute does not make it an express element of the crime. *See State v. Williams,* 27 Wn. App. 848, 851–52, 621 P.2d 176 (1980) (assault in the second degree); *State v. Bradley,* 20 Wn. App. 340, 343, 581 P.2d 1053 (1978) (first

degree manslaughter). Another decision, *State v. Strand,* 20 Wn. App. 768, 775–79, 582 P.2d 874 (1978) (assault in the second degree), relied primarily upon two cases dealing with assault in the second degree under the old code, *State v. Bruce,* 19 Wn. App. 392, 393–96, 576 P.2d 1324 (1978), and *State v. Atkinson,* 19 Wn. App. 107, 112–15, 575 P.2d 240 (1978), both of which relied in part upon *Patterson v. New York, supra.*

Although our State Supreme Court has relied upon *Patterson v. New York, supra,* in holding that the State does not have the burden of proving sanity beyond a reasonable doubt, *see State v. McDonald,* 89 Wn.2d 256, 272, 571 P.2d 930 (1977), it has expressed considerable doubt about the applicability of *Patterson* to the defense of self–defense under Washington law.[1] In a footnote, the court has said:

> Because we do not reach this issue in the present opinion, we need not address the issues raised in *State v. Bradley,* 20 Wn. App. 340, 581 P.2d 1053 (1978). We note, however, that the rule of *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), may not be applicable in this case. In *Patterson,* the court upheld a New York requirement that the defendant affirmatively prove by a preponderance of the evidence "extreme emotional disturbance" as a means to *mitigate* his culpability for unlawful homicide. The court stated, at page 206, that: "It is plain enough that if the intentional killing is shown, the State intends to deal with the defendant as a murderer unless he demonstrates the mitigating circumstances." It cannot be said, however, that under Washington's statutory scheme the State

---

[1]After *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975), but before *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977), our State Supreme Court held that the State bears the burden of proving the absence of self–defense in a prosecution for murder in the second degree. *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). *Roberts,* however, involved RCW 9.48.040, which specifically stated that a killing of a human being was murder in the second degree "unless it is excusable or justifiable". The State Supreme Court has not yet decided if *Roberts* applies to our new murder in the second degree statute, RCW 9A.32.050, which does not make absence of justification an express element of the crime. *See State v. King,* 92 Wn.2d 541, 545–46, 599 P.2d 522 (1979); *State v. Savage,* 94 Wn.2d 569, 582, 618 P.2d 82 (1980).

intends to deal with the defendant as a murderer unless he shows self–defense, because under Washington law a killing done in self–defense is a *lawful act*. *See* RCW 9A.16.050. *See also Porter v. Leeke*, 457 F. Supp. 253 (D.S.C. 1978). Therefore, we perceive serious questions regarding the appropriateness of applying the ruling in *Patterson* to the defense of self–defense as set forth in this state's criminal code.

*State v. King*, 92 Wn.2d 541, 546 n.3, 599 P.2d 522 (1979).

This footnote in *King* foreshadowed the way the Supreme Court handled the issues in *State v. Hanton, supra*. *Hanton* held that the State bears the burden of proving the absence of self–defense in a prosecution for manslaughter in the first degree under RCW 9A.32-.060(1)(a), which provides that "A person is guilty of manslaughter in the first degree when: (a) He recklessly causes the death of another person." The court analyzed the mental element of recklessness, as defined by RCW 9A.08-.010(1)(c), and concluded that a person acting in self–defense cannot be acting recklessly because there can be no recklessness without disregard of risk of a "wrongful act," and self–defense, as defined by RCW 9A.16.050(1) and (2) and RCW 9A.16.020(3), is not "wrongful." *Hanton*, at 133. Because proof of self–defense "negates" the element of recklessness in first degree manslaughter, requiring an accused to prove self–defense imposes upon him or her the burden of proving absence of recklessness and violates due process. *Id.*

It should be observed that instead of relying upon *Patterson v. New York, supra,* and holding that the State was not required to prove absence of justification because the statute did not make it an element of the crime, *Hanton* engaged in an analysis consistent with all three United States Supreme Court opinions, and gave *Patterson* a single "see also" reference.[2] Except for *State v. Williams,*

---

[2] The real problem in this area is that *Mullaney* and *Patterson* are irreconcilable. *State v. Daley*, 29 Wn. App. 55, 59, 627 P.2d 554 (1981) (McInturff, C.J., concurring). The State Supreme Court's solution to the problem in *State v. Han-*

*supra,* which was decided on the same day that reconsideration was denied in *Hanton,* all of the relevant appellate decisions pertaining to assault in the second degree preceded *Hanton.* Inasmuch as the analysis in which the State Supreme Court engaged in *Hanton* is its only ruling on how *Winship, Mullaney* and *Patterson* should be applied to the defense of self–defense under Washington law, this court will utilize the same analysis, to wit:

> In order to determine which facts the prosecution must prove beyond a reasonable doubt, it is necessary to analyze each element of the crime charged.

*State v. Hanton, supra* at 132.

Takacs was charged with assault in the second degree, RCW 9A.36.020(1)(b), which provides:

> (1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:
>
> . . .
>
> (b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon . . .

The jury was instructed as to the element of knowledge, the only element at issue, in the following unchallenged instructions:

> A person knows or acts knowingly or with knowledge when:
> He is aware of a fact, facts or circumstances or result described by law as being a crime.
> Acting knowingly or with knowledge is established if a person acted intentionally.

Instruction No. 6.

> A person acts with intent or intentionally when acting

---

*ton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035 (1980), does justice to *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), and *Mullaney* without doing any injustice to *Patterson,* which held that it is not unconstitutional to require a criminal defendant to prove an affirmative defense by a preponderance of the evidence where it "does not serve to negative any facts of the crime which the State is to prove in order to convict . . ." *Patterson,* at 207. The court's *Hanton* analysis appears to be implicitly based upon that passage in *Patterson.*

with the objective or purpose to accomplish a result which constitutes a crime.

Instruction No. 7. Both of these instructions comport in all material respects with the relevant statutory definitions in RCW 9A.08.010.

■■ The use of force is "not unlawful" when used "by a party about to be injured . . . in preventing or attempting to prevent an offense against his person". RCW 9A.16-.020(3). However, simply because a person is acting in self-defense does not mean that he or she cannot be "aware of a fact, facts or circumstances or *result* described by law as being a crime," *i.e.,* the infliction of grievous bodily harm. (Italics ours.) Instruction No. 6. Nor is acting in self-defense inconsistent with acting "with the objective or purpose to accomplish a *result* which constitutes a crime," *i.e.,* infliction of grievous bodily harm. (Italics ours.) Instruction No. 7. The State is not required to prove that the defendant knew he was committing the crime of assault in the second degree; rather, the State is required to prove that the defendant knew he was inflicting grievous bodily harm, which is described by law as being a crime. In a prosecution for assault in the second degree, the accused is not put into the position of disproving the element of knowledge by showing that he or she was acting in self-defense. Therefore, proof of self-defense does not negate the mental state element in assault in the second degree, and due process does not require the State to bear the burden of proving the absence of self-defense beyond a reasonable doubt.

The defendant also contends that because the legislature specified the burden of proof as to certain other defenses, such as insanity, the legislature should be presumed to have intended that the defendant not bear the burden of persuasion as to self-defense. This argument need not be addressed because the jury was not instructed that the defendant bore any burden of persuasion as to self-defense.

The defendant further contends that instructing the jury on self-defense without allocating the burden of proof on that issue violated due process because it left the jury to

speculate as to who had the burden of proof on the issue and the relationship, if any, of the defense of self–defense to the elements of the crime.

The jury was instructed as follows:

It is a complete defense to a charge of assault in the second degree or of simple assault that the force used was lawful as defined in this instruction.

The use of force upon or toward the person of another is lawful when used by a person about to be injured in preventing or attempting to prevent an offense against the person, and when the force is not more than is necessary.

A person may employ such force as a reasonably prudent person would use under the same or similar circumstances as they appeared to the defendant at the time.

Instruction No. 8.

■ The practice of not allocating any burden of proof works to a defendant's benefit. *See State v. Ziegler,* 19 Wn. App. 119, 123, 575 P.2d 723 (1978).

The reason for this approach is two–fold: (1) the jury is already aware from other instructions that the State must prove the crime beyond a reasonable doubt, and therefore any reasonable doubt will serve to acquit the defendant; and (2) the jury is likely to become confused if they are told that the defendant has any burden of proof.

*State v. Bruce, supra* at 395. The instructions to the jury did not deny the defendant due process of law.

Affirmed.

WILLIAMS and RINGOLD, JJ., concur.

Reconsideration denied June 15, 1982.

Review by Supreme Court pending December 15, 1982.