No. 81–6782.   MACK *v.* OKLAHOMA.   Ct. Crim. App. Okla.   Motion of petitioner for leave to proceed *in forma pauperis* and certiorari granted.   Judgment vacated and case remanded for further consideration in light of *United States* v. *Johnson,* 457 U. S. 537 (1982).

JUSTICE O'CONNOR, with whom JUSTICE REHNQUIST joins, dissenting.

By its action today, the Court vacates the judgment of the state court and remands this case in light of *United States* v. *Johnson,* 457 U. S. 537 (1982).   Because I believe that *Johnson* is not applicable to the present case, I respectfully dissent.

The petitioner in this case was convicted in Oklahoma state court of robbery with a firearm, Okla. Stat., Tit. 21, § 801 (1981).   The petitioner did not testify at trial, and his trial counsel orally requested a jury instruction cautioning the jury to draw no inference from petitioner's failure to testify at trial.   The instruction was not given.   While petitioner's direct appeal to the Oklahoma Court of Criminal Appeals was pending, this Court announced its decision in *Carter* v. *Kentucky,* 450 U. S. 288 (1981).   In *Carter,* we held that a failure to give a requested instruction on a defendant's failure to testify is a violation of the defendant's Fifth Amendment privilege against self-incrimination, made applicable to the States by the Fourteenth Amendment.   See *Malloy* v. *Hogan,* 378 U. S. 1, 6 (1964).   The Oklahoma Court of Criminal

Appeals determined that *Carter* was not to be given retroactive effect. The petitioner now argues that our recent decision in *United States* v. *Johnson, supra,* requires that the Oklahoma judgment be vacated.

In *Johnson,* we were faced with deciding whether *Payton* v. *New York,* 445 U. S. 573 (1980), was to be applied retroactively to a defendant whose appeal was pending when *Payton* was announced. The majority in *Johnson* decided, as a general proposition, that "a decision of this Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." 457 U. S., at 562. The Court's opinion in *Johnson* stated that it was intended to "leave undisturbed our precedents in other areas" and "express[ed] no view on the retroactive application of decisions construing any constitutional provision other than the Fourth Amendment." *Ibid.* (footnote omitted). The constitutional violation in this case involves the Fifth Amendment privilege against self-incrimination, which was not covered by the Court's holding in *Johnson.*

I would not extend our holding in *United States* v. *Johnson* to cases arising under the Fifth Amendment without plenary review and full consideration of the appropriate principles. The court below will be understandably confused by the Court's action in vacating the judgment, and remanding to determine the applicability of a decision that by its explicit terms is restricted to the Fourth Amendment.

I respectfully dissent.