[No. 4503–0–III.   Division Three.   March 24, 1983.]

THE STATE OF WASHINGTON, *Respondent*, v. ROLAND N. LEBLANC, *Appellant*.

---

*Mark E. Vovos* and *Vovos, Voermans & Ganz,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Robert P. Kingsley, Deputy,* for respondent.

ROE, C.J.—Roland N. LeBlanc appeals his conviction of simple assault alleging certain error in the court's instructions, raised for the first time on appeal by his new counsel.

There was an altercation in a house where one of the witnesses was babysitting with some children. The victim was injured as was also the defendant, who pleaded lawful self–defense under RCW 9A.16.020.

No exception was taken to instruction 3 of the court: "An assault is an *unlawful* and intentional touching or striking of the person or body of another . . ." (Italics ours.) Instruction 4 stated it is a defense to the charge of simple assault that force used was lawful as defined in the instruction. Instruction 2 stated that the State has the burden to prove beyond a reasonable doubt the two elements of the crime, an assault and venue. There was no instruction as to who would bear the burden of proof if the defense presented some evidence of self–defense.

Appellant urges under *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983) there was an affirmative duty on the part of the court to instruct that the State bears the burden of proving beyond a reasonable doubt the absence of self–defense when there is some evidence of such defense. The quantum required is not such as to raise a reasonable doubt. That court so held and permitted that question to be raised for the first time on appeal.

Prior cases have sustained convictions when that specific instruction was not given but where the court's instructions

were such that where some evidence of self–defense was admitted, the defendant was able to argue that the State then had the burden of proving beyond a reasonable doubt there was not a valid self–defense.

It is not necessary to discuss all the cases in view of the extended review found in *McCullum,* but in *State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979), a murder trial with self–defense in issue, it was held there was no error where the element instruction (instruction 20) required the State to prove the killing was not either excusable or justifiable. This enabled the defendant to argue his theory of the burden of proof. Yet, the rule of *King* was modified in *McCullum* to conform to the rule of *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), requiring the jury to be instructed that the State has the burden to prove absence of self–defense beyond a reasonable doubt.

To the same effect and result *see State v. Burt,* 94 Wn.2d 108, 614 P.2d 654 (1980), also modified by *McCullum.*

Not only was there no instruction on the State's duty in the instant case as to the State's burden of proof when some evidence of self–defense is admitted, but further, unlike *King* and *Burt,* there was no reference to self–defense, excuse or justification in the element instruction. A fortiori then, under *McCullum,* this case must be reversed.

The prosecution relies upon the fact that the definition of assault does not contain self–defense, excuse or justification as a statutory element. Such avails the State nothing. *McCullum* held that lack merely relieves the State of pleading its absence, but once the issue of self–defense is raised, the absence of self–defense becomes another element of the offense which the State must prove beyond all reasonable doubt.

Such instructions were not present in the instant case. We do not decide whether the court must affirmatively add to the element instruction the affirmative duty of the State to rebut self–defense when there is some evidence of it; we find in this case where there were not even such instructions as were present in *State v. Savage,* 94 Wn.2d 569, 618

P.2d 82 (1980); *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980); and *State v. King, supra,* that *McCullum* requires a reversal.

We recognize that the defense was conducted by a legal intern who did not raise this issue. It may seem unfair to the trial court and the prosecution to reverse on this constitutional ground of lack of due process raised now. That is the law. We do not approve a ploy that might appear in criminal cases that the defendants seem to be harboring constitutional error in the trial court for later use on appeal. Possibly the court or the prosecution needs to consider such a possibility and make every effort to forestall such an event.

Since this case is on direct appeal like *McCullum,* and that case was not made prospective only, we need not decide retroactivity.

Reversed and remanded.

MUNSON and MCINTURFF, JJ., concur.

Reconsideration denied April 27, 1983.

Review denied by Supreme Court October 28, 1983.