[No. 9611–7–I.   Division One.   October 24, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. LYNN
ALEXANDER TAKACS, *Appellant.*

*Michael Filipovic* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert Ryan, Deputy,* for respondent.

CORBETT, J.—Defendant, Lynn Alexander Takacs, appeals his judgment and sentence entered on a jury verdict finding him guilty of assault in the second degree. Following affirmance in *State v. Takacs,* 31 Wn. App. 868, 645 P.2d 1109 (1982), the Supreme Court granted review and remanded to this court for reconsideration in light of *State v. McCullum,* 98 Wn.2d 484, 656 P.2d 1064 (1983). The parties have submitted additional briefs and argument.

At trial, the defendant testified that he had consumed one–half to three–fourths of a fifth of whiskey before going with three companions to a 7–Eleven store. When the victim drove up to the store, the defendant was offended by his apparent attitude and exchanged expletives with him. After the victim went inside the store, one of the defendant's companions fought with a passenger in the victim's car. When the victim came out of the store, he obtained a 2–foot–long metal flashlight from his car and started toward the altercation. Defendant testified that the victim brandished the flashlight, but testimony was disputed as to who threw the first punch. Defendant testified that he struck the victim three times in the "midsection" and that one of his companions did most of the beating. This testimony was disputed by other witnesses who testified that

the defendant repeatedly punched and kicked the victim in the head after the victim had fallen to the ground. There was massive bleeding from the victim's head and he suffered many cuts and bruises, as well as a concussion and broken nose. Defendant fled the scene when the police arrived.

Defendant assigns error to the "to convict" instruction given by the court[1] and to failure to give his proposed instruction.[2] Defendant's proposed instruction differs from that given by the court by placing upon the State the burden of proving that the assault was not committed in self–defense. Other instructions accurately defined self–defense and described it as a "complete defense." None of the instructions specifically allocated the burden of proof on self–defense to either party.

In *State v. McCullum, supra,* the Supreme Court held by a plurality that in a first degree murder prosecution, the State bears the burden of disproving a claim of self–defense. Because the jury had been instructed that the defendant had the burden of proving this defense, the Supreme Court reversed the conviction and remanded the case for a new trial.

█ Due process requires the State to prove every fact necessary to constitute the crime charged. *In re Winship,* 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970);

---

[1] "To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 1st day of March 1980,

"(2) The defendant knowingly inflicted grievous bodily harm upon [the victim] without a weapon; and

"(3) That the acts occurred in King County, Washington." Instruction 4.

[2] "To convict the defendant, Lynn Alexander Takacs, of the crime of assault in the second degree, each of the following elements of the crime must be proved by the presecution [*sic*] beyond a reasonable doubt:

"(1) That on or about May 12, 1980 [*sic*], the defendant knowingly inflicted grievous bodily harm upon [the victim].

"(2) That the assault was not committed in self–defense; and

"(3) That the acts occurred in King County, Washington." Defendant's proposed instruction 14.

*Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). The State bears the burden of proving beyond a reasonable doubt the absence of a defense if the absence of that defense is an element of the crime and there is some evidence of the defense. *Patterson v. New York,* 432 U.S. 197, 214–15, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). There are two ways to determine whether the absence of a defense is an element of the offense: the statute may reflect a legislative intent to treat absence of the defense as an element; or an element of the defense may negate an element of the crime. *McCullum,* at 490. Examination of the statute[3] and its legislative history indicates no intent to make the absence of self–defense an element of the crime. Therefore, we must determine whether self–defense negates an element of second degree assault.

In *State v. Hanton,* 94 Wn.2d 129, 614 P.2d 1280, *cert. denied,* 449 U.S. 1035 (1980), the court parsed the statutory definition of "recklessness" into two parts: (1) disregard of a substantial risk, (2) that a wrongful act may occur. The court emphasized the word "wrongful" and concluded that since self–defense is lawful, an act done in self–defense cannot be reckless. *McCullum* followed the same analysis in construing the definition of "intent." It is here that a careful reading of the *McCullum* decision is required. The court parsed the statutory definition into (1) an act, (2) done with the objective or purpose to accomplish a result which constitutes a crime.[4] The decision construed part (2) of the definition to mean "unlawful."

The court stated:

---

[3] "Assault in the second degree. (1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . .

"(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; . . ." RCW 9A.36.020.

[4] "A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). *McCullum,* at 495.

Since self–defense is explicitly made a "lawful" act under Washington law, . . . it negates the element of "unlawfulness" contained within Washington's statutory definition of criminal intent.

*State v. McCullum, supra* at 495. Because the test of self–defense is subjective, *State v. Wanrow,* 88 Wn.2d 221, 234–36, 559 P.2d 548 (1977), a literal interpretation of the *McCullum* decision could lead to what is known as a "mistake of law" defense, *i.e.,* the burden would be upon the State to prove that the defendant did not believe his conduct was lawful. *See* La Fond, *The Case for Liberalizing the Use of Deadly Force in Self–Defense,* 6 U. Puget Sound L. Rev. 237, 261–64 (1982). "Mistake of law" is not a recognized defense. 21 Am. Jur. 2d *Criminal Law* § 142 (1981); *Kansas City v. LaRose,* 524 S.W.2d 112, 120 (Mo. 1975); *see also United States v. Barker,* 514 F.2d 208, 228 (D.C. Cir.) (Bazelon, J., concurring), *cert. denied,* 421 U.S. 1013 (1975); *United States v. Currier,* 621 F.2d 7, 9 (1st Cir. 1980); *United States v. Jones,* 642 F.2d 909, 914 (5th Cir. 1981).

A more reasonable construction of the statute and, therefore, that which the court intended is: (1) an act, (2) done with the objective or purpose to accomplish a result, (3) which constitutes a crime. Divided this way, (3) is the "unlawfulness" element negated by self–defense. Analyzing the statute in this way does not permit a mistake of law defense, *i.e.,* it does not permit the defense argument that the State must prove the defendant knew his conduct was against the law. It allows a jury to determine lawfulness by applying the law of self–defense to the defendant's conduct.

■■ Under the pertinent portion of our second degree assault statute, the State must prove knowledge[5] and an infliction of grievous bodily harm upon another. RCW 9A.36.020(1)(b). Applying the *McCullum* analysis to the

---

[5]A person acts with knowledge when:

"(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; . . ." RCW 9A.08.010(1)(b)(i).

element of knowledge, the State must prove: (1) awareness of a fact or circumstances or result, (2) defined by statute as an offense. Self–defense negates the "unlawfulness" element of (2). Since self–defense is lawful, the State has the burden of proving the absence of self–defense, *i.e.,* it must prove that the conduct was unlawful. Applying the *McCullum* rationale, we find that the State is required to prove the absence of self–defense when that issue is properly raised in a second degree assault prosecution.[6]

Having so held, we reach the issue of retroactivity. In *State v. LeBlanc,* 34 Wn. App. 306, 309, 660 P.2d 1142 (1983) (simple assault), the court assumed that *McCullum* should be applied retroactively because the case was on direct appeal at the time *McCullum* was filed, and *McCullum* was not made prospective only. *Accord, State v. Heath,* 35 Wn. App. 269, 273, 666 P.2d 922 (1983) (first degree murder). The court in *LeBlanc* reversed on the ground that there was no instruction on the State's burden of proof and no reference to self–defense, excuse, or justification in the "to convict" instruction. *State v. Mercer,* 34 Wn. App. 654, 659, 663 P.2d 857, *review denied,* 100 Wn.2d 1005 (1983) (second degree felony murder) held that the language of *McCullum* indicates it applies prospectively only. Neither *LeBlanc* nor *Mercer* discusses the issue of retroactivity.

■ ■ In *United States v. Johnson,* 457 U.S. 537, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982), the United States Supreme Court considered retroactivity precedent. Our State Supreme Court summarized *Johnson* as follows:

> In *Johnson,* the Supreme Court adopted a new test for all decisions interpreting the Fourth Amendment which are not clearly controlled by past retroactivity precedent. After *Johnson,* Fourth Amendment decisions must be applied retroactively to all cases still pending on direct appeal at the time of the new decision.

*State v. Counts,* 99 Wn.2d 54, 57, 659 P.2d 1087 (1983).

---

[6]This does not mean that we approve instruction 14 proposed by the defendant.

The *Johnson* analysis is not limited to Fourth Amendment cases. *See Mack v. Oklahoma,* ___ U.S. ___, 74 L. Ed. 2d 161, 103 S. Ct. 201 (1982) (Fifth Amendment). *Johnson* approved three categories of cases as being adequately covered by past retroactivity analysis. First, in those cases that apply established precedent to new and different factual situations, the Court concluded that no real question of retroactivity arose. Second, in those cases which declare a rule of criminal procedure which is "a clear break with the past", prospectivity may be properly argued. Third, in those cases in which the Court ruled that the trial court lacked authority to convict or punish in the first instance, full retroactivity should be given.[7] The question then becomes into which category the *McCullum* decision falls. We conclude that it best fits into the second category as being a "clear break with the past".

> In general, the Court has not subsequently read a decision to work a "sharp break in the web of the law," unless that ruling caused "such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one." Such a break has been recognized only when a decision explicitly overrules a past precedent of this Court, or disapproves a practice this Court arguably has sanctioned in prior cases, or overturns a longstanding and widespread practice to which this Court has not spoken, but which a near–unanimous body of lower court authority has expressly approved.

(Citations omitted.) *Johnson,* at 551. Clearly, the *McCullum* decision, as it relates to the procedure of jury instruction, is a break with precedent. After the adoption of the new criminal code and in a series of cases following *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), our Supreme Court consistently held that a specific instruction concerning the burden of proof in self–defense cases need not be

---

[7]*Johnson* established a new category for cases that do not fit any of the three categories covered by past retroactivity analysis. In those cases, the rule of the new decision is applied retroactively to all convictions that were not yet final at the time the decision was rendered. *Johnson,* at 562.

given:

> Instead of requiring a specific instruction affixing the burden of proof on the State, we indicated the trial court need not instruct on the burden of proof for self–defense as long as the defendant could fully argue his theory of the case.

*McCullum*, at 499. *McCullum* expressly modified four prior cases which had followed this approach: *State v. Hanton, supra; State v. Savage,* 94 Wn.2d 569, 618 P.2d 82 (1980); *State v. Burt,* 94 Wn.2d 108, 614 P.2d 654 (1980); *State v. King,* 92 Wn.2d 541, 599 P.2d 522 (1979). The court overruled precedent and disapproved a widespread practice it had expressly sanctioned since the adoption of the new criminal code in 1976.

The test to determine retroactivity when there is a break in precedent is a balancing of the following:

> (1) The purpose of the new rule and whether retroactive application of the rule would effectively serve that purpose; (2) whether and to what extent law enforcement agencies, including courts, justifiably relied upon the preexisting rule; and (3) the effect of retroactive application upon the administration of justice, . . .

*Brumley v. Charles R. Denney Juvenile Ctr.,* 77 Wn.2d 702, 707, 466 P.2d 481 (1970).

> Where the *major* purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that *substantially* impairs its truth–finding function and so raises *serious* questions about the accuracy of guilty verdicts in past trials, the new rule [is] given complete retroactive effect.

*Hankerson v. North Carolina,* 432 U.S. 233, 243, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977). The *McCullum* decision stated that giving a specific burden of proof instruction would serve to:

> (1) [C]larify burden of proof questions and reduce the chances for jury confusion; (2) make appellate review of such issues easier, especially as to sufficiency of the evidence challenges; and (3) reduce the likelihood that future convictions would have to be reversed for errors similar to the one presented here.

*McCullum,* at 500. Retroactive application would not effectuate these purposes. Moreover, the *McCullum* decision does not suggest that failure to give the specific instruction is of constitutional magnitude or would substantially impair the truthfinding process.

> While we continue to believe specific burden of proof instructions technically are not necessary, it may be preferable to do so for the sake of clarity.

*McCullum,* at 499. We cannot say that the failure to give a specific instruction allocating the burden of proof as to self–defense *substantially* impaired truth finding or raised *serious* questions about the accuracy of past verdicts where the jury was properly instructed on self–defense and informed that the State has to prove every element of the crime beyond a reasonable doubt.

The other two factors referred to in *Brumley* also support a conclusion against retroactivity. It cannot be disputed that following the decision in *State v. Hanton,* the courts and prosecutors justifiably relied on the rule that a specific instruction was not necessary. Also, the effect on administration of justice would be significant. There is a very large number of cases tried before the *McCullum* decision in which the burden of proving self–defense was not allocated. Applying *McCullum* retroactively would require retrial in many of these cases.

Our decision is fortified by language in *McCullum* which indicates the rule should be given prospective effect only. After indicating that *future* jury instructions concerning the burden of proof of self–defense should specifically allocate that obligation to the State, the court said:

> We think the best policy regarding such specific jury instructions is summarized in *Notaro v. United States,* 363 F.2d 169, 175 (9th Cir. 1966):
>
> > The desire of a careful judge to avoid language which to him may seem unnecessarily repetitive should yield to the paramount requirement that the jury in a criminal case be guided by instructions framed in language which is unmistakably clear.
>
> Upon further reflection, we feel this is the better

approach to handling burden of proof issues regarding self–defense, at least when a specific instruction is requested by the defendant.

*McCullum,* at 499–500. We find the *McCullum* rationale inapplicable to cases tried before that decision was filed.

■ Instructions are sufficient if they permit each party to argue his theory of the case, are not misleading, and when read as a whole, properly inform the jury of the applicable law. *State v. Mark,* 94 Wn.2d 520, 526, 618 P.2d 73 (1980); *State v. Dana,* 73 Wn.2d 533, 536–37, 439 P.2d 403 (1968). The instructions here were not misleading and permitted the defendant to argue his theory of the case to the jury, *i.e.,* that the assault was committed in lawful self–defense. Moreover, the instructions properly informed the jury of the applicable law. The law as it existed at the time the present case was tried was stated in *State v. Hanton, supra* at 134:

> If a defendant presents sufficient evidence to raise an issue of self–defense, the court need only instruct on it without allocating the burden of proof. Such an instruction permits a defendant to fully argue his theory of the case.

*See also State v. King, supra; State v. Burt, supra.* The trial court did not err by failing to place the burden of proving the absence of self–defense upon the State.

Affirmed.

WILLIAMS, J. (concurring)—I concur in affirmance of the judgment because the defendant was afforded an eminently fair trial and is guilty. Concerning the instruction on self–defense,[8] I believe it comports with the law and allows the

---

[8] "It is a complete defense to a charge of assault in the second degree or of simple assault that the force used was lawful as defined in this instruction.

"The use of force upon or toward the person of another is lawful when used by a person about to be injured in preventing or attempting to prevent an offense against the person, and when the force is not more than is necessary.

"A person may employ such force as a reasonably prudent person would use under the same or similar circumstances as they appeared to the defendant at the time." Instruction 8.

defendant full opportunity to argue his theory of the case. The instruction does not contain the fatal constitutional error found in *State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983), casting the burden of proof of self–defense upon the defendant.

In the future, I understand that where there is evidence of an alleged criminal act being done with just cause or excuse (RCW 9A.04.110(12)), the State has the burden of proving otherwise beyond a reasonable doubt and the jury must be so instructed. *McCullum*. Thus, where there is an issue of consent, self–defense or the like raised by the evidence, an element of the offense is that it was done without just cause or excuse.[9]

For the purposes of this case the following from *McCullum* at pages 500–01 applies:

> Since self–defense is inconsistent with the crime of murder in the first degree, proof of the elements of that crime beyond a reasonable doubt necessarily disproves the presence of a lawful killing in self–defense.

RINGOLD, J. (dissenting)—I concur with the majority that the rationale of *State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983) is applicable to the crime of second degree assault as charged in the case at bench. In *McCullum* the court held that self–defense negates the culpability element of intent when the crime charged is first degree murder. Presaging the *McCullum* opinion, the Supreme Court held in *State v. Hanton*, 94 Wn.2d 129, 614 P.2d 1280, *cert. denied*, 449 U.S. 1035 (1980) that self–defense negates "reckless" conduct, the requirement of culpability necessary

---

[9]This makes for more precise definition in the elements instruction which I suggest might properly contain this addition:

"To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 1st day of March 1980,

"(2) The defendant knowingly inflicted grievous bodily harm upon [the victim] without a weapon; and

"(3) *The defendant acted without just cause or excuse; and*

"(4) That the acts occurred in King County, Washington." Instruction 4.

to sustain the charge of first degree manslaughter.[10]

In my view whether the culpability factor of the crime is "intent," "knowledge," or "recklessness," the State has the burden of disproving self–defense beyond a reasonable doubt. The Legislature has defined a hierarchy of culpability factors from intent through recklessness. Proof of a higher mental state necessarily establishes the lower states as well. *See* RCW 9A.08.010. Thus, logically, the teachings of *Hanton* and *McCullum* impel the conclusion that a crime such as second degree assault requiring "knowledge" must be treated the same as a crime requiring reckless or intentional conduct when the issue of self–defense is properly raised.

There are two alternate grounds for reversal in this case. First, and independent of the retroactivity or prospectivity of *McCullum,* the conviction should be reversed because

---

[10]The Supreme Court in *McCullum* at page 500 modified several opinions including *Hanton* "to reflect the view expressed in *State v. Roberts,* [88 Wn.2d 337, 562 P.2d 1259 (1977)] at 346, that when self–defense is properly raised the jury should be 'informed that the State has the burden to prove absence of self–defense beyond a reasonable doubt.'" The general culpability requirement of second degree assault established by the Legislature is "knowingly inflict grievous bodily harm . . ." Thus "knowingly" is somewhere in between "intent," the basis of *McCullum,* and "reckless," the culpability requirement of *Hanton.* The Legislature provided in RCW 9A.08.010:

General requirements of culpability. (1) Kinds of Culpability Defined.

(a) *Intent.* A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime.

(b) . . . A person knows or acts knowingly or with knowledge when:

. . .

(c) *Recklessness.* A person is reckless or acts recklessly when he knows of and disregards a substantial risk that a wrongful act may occur and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation.

Recognizing the various states of mind in the general requirements of culpability, the statute also provides:

(2) Substitutes for Criminal Negligence, Recklessness, and Knowledge. When a statute provides that criminal negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally, knowingly, or recklessly. When recklessness suffices to establish an element, such element also is established if a person acts intentionally or knowingly. When acting knowingly suffices to establish an element, such element also is established if a person acts intentionally.

the jury instructions were legally insufficient and prevented Takacs from arguing his theory of the case. Second, *McCullum* should be retroactively applied at least to those cases on direct appeal at the time it was decided.

### REVERSIBLE ERROR TO FAIL TO INSTRUCT JURY THAT STATE HAS BURDEN OF PROOF TO NEGATE SELF–DEFENSE

An instruction placing any burden of proof on the defense with respect to self–defense is erroneous and constitutes reversible error. *Hanton; McCullum.*[11] Where the instructions do not go so far as to allocate any burden of proof on a defendant but merely define self–defense they still are erroneous as insufficient. The *McCullum* decision leaves unchanged the standard for review of the sufficiency of jury instructions. Instructions are sufficient on a party's theory of the case if: (1) they permit the party to argue his or her theory of the case; (2) they are not misleading; and (3) when read as a whole they properly inform the trier of the fact on the applicable law. *State v. Dana,* 73 Wn.2d 533, 537, 439 P.2d 403 (1968); *State v. Lane,* 4 Wn. App. 745, 748, 484 P.2d 432 (1971); *Levea v. G.A. Gray Corp.,* 17 Wn. App. 214, 224–25, 562 P.2d 1276 (1977).

Here the trial court did not place any burden of proof on the defendant but Takacs still could not argue his theory of the case, *i.e.,* that the State had the burden to prove beyond a reasonable doubt the absence of self–defense, thus negating the element of knowledge. As in this court's initial opinion in *State v. Takacs,* 31 Wn. App. 868, 645 P.2d 1109 (1982), the trial court was operating under the mistaken belief that the defendant bore the burden of rais-

---

[11]The instruction at issue in *McCullum* reads:

"'When a defendant claims that he killed another in self–defense of his own person or property, the burden is upon that defendant to prove that the homicide was done in self–defense. It is not necessary for the defendant to prove this to you beyond a reasonable doubt nor by a preponderance of the evidence. The defendant sustains his burden of proof, if, from a consideration of all the evidence in the case, you have a reasonable doubt as to whether or not the injuries inflicted were done in self–defense.'" *McCullum,* at 487 n.2.

ing a reasonable doubt as to the issue of self-defense. The trial court refused to give Takacs' proposed instruction placing on the State the burden to prove the absence of self-defense. Thus by the court's refusal of the defendant's instruction and the instructions given to the jury by the trial court, Takacs was effectively precluded from arguing to the jury that self-defense negates the element of knowledge (or "unlawfulness" as characterized by the majority), and that the State must prove the absence of self-defense beyond a reasonable doubt.

The instructions given here did not properly inform the jury as to the applicable law and were in error just as if the instructions had omitted reference to the State's burden to prove any of the other elements of the offense beyond a reasonable doubt. Absent an instruction placing the burden on the State to negate self-defense, the instructions were insufficient and erroneous.

The insufficiency of these instructions is accented by the court in *McCullum*, which pointed out that a specific instruction allocating the burden of proof, though "technically" not necessary, would

> serve three desirable ends: (1) clarify burden of proof questions and reduce the chances for jury confusion; (2) make appellate review of such issues easier, especially as to sufficiency of the evidence challenges; and (3) reduce the likelihood that future convictions would have to be reversed for errors similar to the one presented here.

*McCullum*, at 500.

After stating its reasons why a specific instruction is the "better approach" *McCullum* specifically modified *Hanton* and other cases:

> to reflect the view expressed in *State v. Roberts*, [88 Wn.2d 337, 562 P.2d 1259 (1977)] at 346, that when self-defense is properly raised the jury should be "informed that the State has the burden to prove absence of self-defense beyond a reasonable doubt."

*McCullum*, at 500. *McCullum* also requires that "the jury should be informed that the State sustains its burden of

proof as to the absence of self–defense if it proves, beyond a reasonable doubt, each of the elements of the crime as defined by the applicable statute." *McCullum*, at 500.

The court thus disapproved the permissive *Hanton* approach and unequivocally held a specific jury instruction placing the burden of proof on the State to be necessary. This mandate requires a reinterpretation of the court's earlier reference to a specific instruction not being "technically" necessary. While not "technically" necessary because, under the court's analysis, the mental state element which the State must prove negates self–defense, a specific instruction is legally necessary to avoid juror confusion and the resultant misapplication of the law.

This fear of jury error is well founded. Certainly if appellate judges found no inconsistency between acting "knowingly" yet in self–defense, *see State v. Takacs*, 31 Wn. App. 868, 645 P.2d 1109 (1982), lay jurors could reach that same logically defensible but apparently erroneous conclusion.[12] The possibility of juror error is further illustrated by the difficulty even the majority judges experience over this issue. During this term of court they concurred in an opinion (filed but unpublished) stating "furthermore, proof of self–defense does not negate any of the elements of assault in the second degree which the State must prove beyond a reasonable doubt." *State v. Dena*, noted at 35 Wn. App. 1046 (1983) (I am not citing *Dena* as authoritative, but to reflect the analytic difficulty of this issue).

RETROACTIVITY OF *McCullum*

Because the *McCullum* requirements are expressly made applicable to "future jury instructions on self–defense", *McCullum*, at 500, the majority affirms the judgment and sentence at issue here and holds that *McCullum* is to be applied prospectively on the issue of instructions. It does

---

[12] If the instructional error could have misled a reasonable juror as to which party bears the burden of proof the error cannot be deemed harmless beyond a reasonable doubt and requires reversal. *Sandstrom v. Montana*, 442 U.S. 510, 519, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1980).

not logically follow, however, that simply because the Supreme Court devoted some attention to advising trial courts on how best to deal with future cases it was thereby directing appellate courts to ignore its holding as to cases on appeal. Had the Supreme Court intended such a result it would not have been so subtle. Division Three rejected the majority's approach in *State v. LeBlanc,* 34 Wn. App. 306, 660 P.2d 1142 (1983), reasoning that "[s]ince this case is on direct appeal like *McCullum,* and that case was not made prospective only, we need not decide retroactivity." *LeBlanc,* at 309. In *State v. Heath,* 35 Wn. App. 269, 273, 666 P.2d 922 (1983), another panel of Division Three judges likewise ruled that "[s]ince this case is on direct appeal, like *McCullum,* and that case was not made prospective only, *McCullum* is controlling."

This conclusion is in accord with current retroactivity principles. As the majority correctly states, there are three categories of cases covered by past retroactivity principles. The United States Supreme Court, however, recognized a fourth "category" in *United States v. Johnson,* 457 U.S. 537, 551, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982): the cases which could not fit neatly into any of the other three pigeonholes and were not adequately handled by the old principles. *Johnson* itself represented such a case for it was not just an application of "old law to new facts", nor was it "entirely new and unanticipated". In such cases the Supreme Court decided that the old retroactivity principles were inadequate and adopted Justice Harlan's approach, enunciated in the dissent in *Desist v. United States,* 394 U.S. 244, 258–59, 22 L. Ed. 2d 248, 89 S. Ct. 1030 (1968), *reh'g denied,* 395 U.S. 931 (1969), which applies new rules, at a minimum, to those cases which are still subject to direct review at the time the new decision is handed down. *Johnson,* at 555–56.

The present case, like *Johnson,* fits into this fourth category, not in the second category where the majority places it. *McCullum* was not a "clear break with the past" nor was it "entirely new and unanticipated". *McCullum* was pre-

dicted by *Hanton* and presents a logical extension of, rather than a break with, that precedent. Requiring a specific instruction allocating the burden of proof to the State thus cannot be characterized as an entirely new and unexpected legal principle and should not be prospective only. *See generally In re Lile*, 100 Wn.2d 224, 226, 668 P.2d 581 (1983). Additionally, new doctrine designed to correct instructional error which "substantially impairs [the] truthfinding function" of a criminal trial must be given complete retroactive effect. *Hankerson v. North Carolina*, 432 U.S. 233, 243, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977). *McCullum* avoids potential juror confusion and error where the trial court, as here, fails to allocate the burden of proof on self–defense (see discussion at pages 927–28). Such juror error may substantially impair the truthfinding function of the trial, affecting the due process rights of the defendant. Established retroactivity principles, as well as the language in *McCullum* itself, mandate retroactive application. Where some evidence of self–defense is presented, *McCullum* requires a specific instruction allocating the burden of proof to the State, and must be applied to all cases on direct appeal at the time it was decided.

The unfairness of prospective application of *McCullum* is graphically illustrated by considering the procedures in the Supreme Court while this case was pending. The Supreme Court had granted review in *McCullum*. Takacs' petition for review was stayed pending the decision in *McCullum*. The only difference in the issue was that *Takacs* concerned second degree assault, *McCullum* first degree murder. The Supreme Court, had it desired, could have granted review in *Takacs* and consolidated both cases for argument of a common issue. The court chose not to do so. Both defendants had requested and argued the necessity of an instruction stating that the State had to prove the absence of self–defense beyond a reasonable doubt. The trial court in both

cases refused such an instruction. The Supreme Court opinion in *McCullum* was filed January 6, 1983, and on April 1, 1983, the Supreme Court granted review and remanded *Takacs* to this court "for further consideration in the light of *State v. McCullum*." In my view, the only reason the Supreme Court did not reverse *Takacs* and remand to superior court for new trial was to extend to this court the courtesy of permitting us to reverse our own decision.

As noted above, when the troublesome question of retroactivity was confronted by the United States Supreme Court in *Desist,* Justice Harlan dissented from the majority opinion which followed the established law that: "'the Constitution neither prohibits nor requires retrospective effect' for decisions expounding new constitutional rules affecting criminal trials". *Desist,* at 248. Justice Harlan stated:

> [W]hen another similarly situated defendant comes before us, we must grant the same relief or give a principled reason for acting differently. We depart from this basic judicial tradition when we simply pick and choose from among similarly situated defendants those who alone will receive the benefit of a "new" rule of constitutional law.

394 U.S. at 258–59 (dissenting opinion). The United States Supreme Court came full circle in *United States v. Johnson,* 457 U.S. 537, 546, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982), extensively quoting Justice Harlan's dissent and adopting his view that it is unjust to refuse to apply a new rule when it is chance, luck or events over which the defendant has no control that determines which of the cases in the pipeline of appeal will be first decided by the Supreme Court. To deny the parties who have made the same claim of error through trial and on appeal the benefit of the decision is unfair and subverts rather than serves justice by treating similarly situated parties differently.

I view it necessary, based upon the foregoing reasons, and in maintaining fairness in our admittedly imperfect system of justice that *McCullum* control all cases on direct appeal.

I would reverse and remand to the Superior Court for new trial.

Review by Supreme Court pending March 15, 1984.