[Nos. 24967-3-I; 26026-0-I.   Division One.   October 14, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR SUMMERS, *Appellant*.

*In the Matter of the Personal Restraint of* ARTHUR SUMMERS, *Petitioner.*

*Irene Tanabe* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Theresa L. Fricke, Senior Appellate Attorney,* for respondent.

KENNEDY, J. — Appellant Arthur Summers challenges his conviction and sentencing for violation of the Uniform Firearms Act (VUFA). Because his challenge is based upon the claimed invalidity of an earlier conviction for first degree manslaughter, the appellant has also filed a personal restraint petition which has been consolidated with the appeal.[1] Because we determine that the burden of proof rule in self-defense cases announced after appellant's 1976 manslaughter conviction should not be retroactively applied,

---

[1] For convenience, the term appellant will be used instead of appellant/petitioner.

we affirm appellant's VUFA conviction below and dismiss his personal restraint petition.

I

Appellant fatally stabbed a person in 1976 as the result of an altercation in a bar. Appellant went to trial for second degree murder in 1976. Although appellant's attorney argued a theory of self-defense, there was no jury instruction given concerning whose burden it was to prove the presence or lack of self-defense. Appellant's attorney specifically told the jury that it was the State's burden to prove lack of self-defense, but the prosecutor stated that it was not the State's burden and cited the jury instructions as proof. Appellant was convicted of the lesser crime of first degree manslaughter with the use of a deadly weapon. The Court of Appeals affirmed the conviction in an unpublished opinion filed August 3, 1978.

The substantive facts underlying the present conviction began on the evening of October 14, 1988, when Officer O'Quinn and Sergeant Miller of the Seattle Police Department were executing a narcotics search warrant at 1300 29th Avenue South in Seattle. The officers found the appellant inside the home and advised him of his rights. Thereafter, the appellant informed the officers of the location of a rifle and a handgun, both of which he claimed belonged to his girl friend. The appellant also stated that he had handled the handgun and that his fingerprints might be on it.

Shortly thereafter, the appellant was charged by information in King County Superior Court with the crime of possession of cocaine in violation of the Uniform Controlled Substances Act, RCW 69.50. The State then filed an amended information which also charged appellant with the crime of violation of the Uniform Firearms Act and unlawful possession of cocaine with intent to manufacture or deliver in violation of the Uniform Controlled Substances Act. One of the elements of a violation of the Uniform Firearms Act, RCW 9.41.040, is a prior conviction of a felony or a crime of violence.

Prior to the trial, appellant moved to dismiss the VUFA charge, claiming that his 1976 conviction for manslaughter was unconstitutional and could not be used as a predicate conviction for a VUFA charge. This motion was denied and, at trial, appellant was found guilty of the VUFA violation.

## II

Appellant contends on appeal that his VUFA conviction must be overturned because the State failed to meet its burden of proving a predicate conviction. Specifically, the appellant claims that the trial court's failure at his trial in 1976 to instruct the jury as to the State's burden of proving absence of self-defense was a constitutional error which actually and substantially prejudiced his right to a fair trial and which requires that his VUFA conviction be overturned.

In support of his contention, appellant relies on a line of cases beginning in 1977 which states that the absence of self-defense becomes another element of the crime of manslaughter which the State must prove beyond a reasonable doubt, and that the jury instructions should clearly indicate that this is the State's burden. *See State v. Roberts*, 88 Wn.2d 337, 345, 562 P.2d 1259 (1977); *State v. McCullum*, 98 Wn.2d 484, 495, 656 P.2d 1064 (1983); *State v. Acosta*, 101 Wn.2d 612, 621, 683 P.2d 1069 (1984); *see also State v. Hanton*, 94 Wn.2d 129, 133, 614 P.2d 1280 (evidence of self-defense negates the element of "recklessness" in first degree manslaughter cases), *cert. denied*, 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980).

Although on its face, this rule might be applicable to appellant's predicate manslaughter conviction, we need not conduct this analysis. This rule was not announced until 1977, a year after appellant's conviction. A finding of error would thus require a retroactive application of this line of cases, which we decline to do.

Relying on the factors governing whether retroactive effect should be given to decisions that break with prior precedent set forth in *Brumley v. Charles R. Denney Juvenile Ctr.*, 77 Wn.2d 702, 707, 466 P.2d 481 (1970), this

court in *State v. Takacs*, 35 Wn. App. 914, 923, 671 P.2d 263 (1983), *remanded*, 102 Wn.2d 1012, 689 P.2d 368 (1984),[2] and *State v. Mines*, 35 Wn. App. 932, 671 P.2d 273 (1983), *review denied*, 101 Wn.2d 1010 (1984) explicitly disapproved a retroactive application of *McCullum*, the case that first specified that the burden of proof for self-defense should be made clear in the jury instructions.

■ Appellant has given no new reasons as to why this precedent should not be followed; nor does an independent analysis of the *Roberts* or *McCullum* rule of law indicate that it should be applied retroactively. The test to determine retroactivity when there is a break in precedent is a balancing of the following:

> (1) The purpose of the new rule and whether retroactive application of the rule would effectively serve that purpose; (2) whether and to what extent law enforcement agencies, including courts, justifiably relied upon the preexisting rule; and (3) the effect of retroactive application upon the administration of justice . . . [.]

*Takacs*, 35 Wn. App. at 921 (quoting *Brumley*, 77 Wn.2d at 707).

■ Under these factors, neither the *McCullum* holding, which prohibits an instruction which places the burden of

---

[2]The records of this court reflect that the Supreme Court remanded *State v. Takacs, supra*, for reconsideration in light of *State v. Acosta*, 101 Wn.2d 612, 683 P.2d 1069 (1984). In a 1-paragraph unpublished opinion noted at 39 Wn. App. 1016 (1984), the panel which decided *Takacs* reversed itself and ruled that in light of *Acosta* and *State v. McCullum*, 98 Wn.2d 484, 656 P.2d 1064 (1983), the trial court erred in the giving of the "to convict" instruction. Accordingly, Mr. Takacs, whose appeal had been pending when *McCullum* and *Acosta* were decided, was granted a new trial. That the *Takacs* panel reversed itself in an unpublished opinion does not persuade us that *McCullum* or *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977) should be applied retroactively to a 1976 conviction. Although the Supreme Court in *Acosta*, 101 Wn.2d at 622, stated that "*McCullum* is not a drastic departure from [*State v. King*, 92 Wn.2d 541, 599 P.2d 522 (1979), and from *State v. Hanton*, 94 Wn.2d 129, 614 P.2d 1280, *cert. denied*, 449 U.S. 1035, 66 L. Ed. 2d 497, 101 S. Ct. 611 (1980)]", the same is not true of *Roberts*, which did drastically change established law. The reasoning which caused the *Takacs* court to reverse itself in light of *McCullum* and *Acosta* for purposes of an appeal which was still pending when those cases were decided does not apply to the instant appeal. The reasoning of the lead opinion in *Takacs* is sound and we adopt it as our own for purposes of this appeal.

self-defense on the defendant, nor the earlier holding in *Roberts*, which was the first case to explicitly shift the burden of proof in self-defense cases, should be applied retroactively to appellant's 1976 manslaughter conviction. As noted in *Takacs*, the purpose of the *McCullum* case was merely to clarify when an instruction is per se error based on the *Roberts* rule, and as stated by the court in *Roberts*, the new rule itself was simply "in accord with the emerging 'majority rule' in this country". *See Roberts*, at 345. This language indicates that the purpose of the new rule regarding the burden of proof in self-defense cases was not to protect any fundamental constitutional right, but to recognize the change in the law's understanding of the relationship of the burden of proving self-defense and the State's duty to prove all elements of a crime. Retroactive application would not further this purpose.

Until *Roberts*, this state's Supreme Court had long approved a jury instruction which stated that the burden of proving self-defense was on the defendant. In *Roberts*, the court found that the continued use of this rule violated the principle announced in *State v. Kroll*, 87 Wn.2d 829, 558 P.2d 173 (1976), which stated that the use of the term "unjustified" or "unexcused" in the statutory definition of second degree murder required that the State bear the burden of proof on the absence of self-defense at trial. *Roberts*, 88 Wn.2d at 345. This does not represent the emergence of a fundamental constitutional principle which should be retroactively applied.

Indeed, in *State v. Camara*, 113 Wn.2d 631, 639, 781 P.2d 483 (1989), this state's highest court cast doubt upon the continued validity of this rule, further indicating that its original purpose was nothing more than a reflection of a new understanding of a statutory element of a crime. *Camara*, 113 Wn.2d at 639 (the validity of burdening the State with proving the absence of a negative of a criminal element is questionable).

The other two *Brumley* factors also militate against a retroactive application. Before *Roberts*, the courts and

prosecutors justifiably relied on the established rule that the defendant bore the burden of proof of self-defense. Furthermore, a retroactive application would have a significant impact on the administration of justice since it would allow virtually any party who had claimed self-defense before 1977 to claim another day in court.

We are also persuaded that this rule should not be applied retroactively by the United States Supreme Court's rules of retroactive application in habeas corpus cases. Rejecting the 3-factor federal test similar to this State's *Brumley* test, the Supreme Court in *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060, 1076 (1989) held that decisions should only be applied retroactively in collateral review of cases when the fundamental fairness of the earlier trial is implicated. The Court noted that such fundamental principles are rarely implicated and cited trial proceedings dominated by a mob mentality, knowing use of perjured testimony, and extorted confessions as examples of times when a trial would be subject to collateral challenge based upon its fundamental unfairness. *Teague*, 489 U.S. at 313.

The Court went on to hold that the Sixth Amendment right to a jury selection free from racial bias did not implicate the fundamental fairness of a trial under this standard, and similarly, in the present case, we conclude that the fundamental fairness of the appellant's 1976 conviction was not undermined by the failure of the trial court to give an explicit instruction on the burden of proof. Therefore, we hold that the rule announced in *Roberts* and defined in *McCullum* is not to be applied retroactively in the present case.

We note that even if we were to accept appellant's invitation to apply this rule retroactively, appellant's appeal of his VUFA conviction does not provide an appropriate vehicle for that challenge. Although a collateral attack on an earlier conviction that was obtained in reliance upon an invalid guilty plea has been allowed in a VUFA case, the circumstances of those cases were fact specific and do not support

a collateral challenge in the present case. *See State v. Gore*, 101 Wn.2d 481, 486, 681 P.2d 227, 39 A.L.R.4th 975 (1984); *State v. Swindell*, 93 Wn.2d 192, 198, 607 P.2d 852 (1980).

■ In the present case, the appellant's 1976 conviction was not predicated upon an unconstitutionally obtained guilty plea. Indeed, appellant's only real challenge is that the failure to give an explicit burden of proof instruction concerning self-defense erroneously violated a rule of law that did not exist in Washington until at least 1977. Furthermore, appellant's 1976 conviction was reviewed on appeal and briefs were submitted after the decision in *Roberts* had been issued, yet this issue was not raised in his appeal brief at that time. Therefore, even if the rule in *Roberts* as interpreted by *McCullum* and *Acosta* could properly be applied retroactively to appellant's 1976 conviction, respect for the finality of decisions would cause us to reject appellant's challenge at this time as an invalid collateral attack on an issue that could have been previously raised and was not.

For the foregoing reasons, we find that appellant's 1976 conviction for manslaughter was a valid predicate conviction under the Uniform Firearms Act, and we affirm the judgment below and dismiss the personal restraint petition.

PEKELIS and BAKER, JJ., concur.

Reconsideration denied November 20, 1991.

Review granted at 118 Wn.2d 1021 (1992).